IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br>VICKY RODRIGUEZ-TORRES<br>Debtor<br><br>WILLIAM E. MELENDEZ-MENENDEZ;<br>MIGUEL A. CUADROS<br>Appellants<br>vs<br>GOVERNMENT DEVELOPMENT BANK<br>OF PUERTO RICO; GUILLERMO<br>CAMBA-CASAS; ENID LOPEZ-LOPEZ;<br>MARIELA REXACH-REXACH<br>Appellees | CIVIL 11-1597CCC |

**ORDER**

Appellants, William Meléndez and Miguel Cuadros, filed an adversary proceeding in the Bankruptcy Court for the District of Puerto Rico, Case No. 10-137-BKT, which said Court eventually dismissed on January 28, 2011.  At the time of the dismissal, the Bankruptcy Court imposed attorney's fees on appellants, debtors there, and ordered defendants --the Government Development Bank of Puerto Rico and others (hereinafter GDB)--- appellees here, to submit a motion setting forth the fees and expenses they had incurred in defending from the adversary proceeding.  Appellants sought review from that Order of dismissal in a separate appeal filed on February 1, 2011, docketed in this Court on March 30, 2011 under Civil No. 11-1301(GAG).  See docket entry 1-17 in Civil No. 11-1301(GAG).  On February 11, 2011, subsequent to the filing of that Appeal, GDB filed its motion stating the fees and expenses it had incurred in the adversary proceeding, which the Bankruptcy Court granted on March 25, 2011.  GDB followed on March 31, 2011 with a request for expedited payment of the fees and expenses, while appellants asked on April 4, 2011 that the Order granting

CIVIL 11-1597CCC                                                  2

fees and expenses be vacated due to the pendency of their Appeal.  On April 4, 2011, the Bankruptcy Court allowed GDB's request for expedited payment, and denied appellants' motion to vacate.  Appellants then sought on April 11, 2011 to vacate that Order, which the Bankruptcy Court denied on April 19, 2011.  It is from this last Order that appellants seek review in this proceeding, averring that as the Orders mandating the payment by them of fees and expenses had been entered after their primal Appeal had been filed, the Bankruptcy Court lacked subject matter jurisdiction to issue them while that Appeal was pending disposition.

     Appellees, in seeking dismissal of this Appeal, have claimed that it was untimely filed, that the Bankruptcy Court retained jurisdiction to enforce its Order on attorney's fees because said issue was not part of the first Appeal before the District Court, that appellants by failing to raise their arguments before the Bankruptcy Court waived them, that appellants failed to request a stay while the Appeal was pending, and that the instant Appeal has been rendered moot because the original Appeal was already disposed of.  We need not address the untimeliness, waiver and mootness arguments here, however, because the record in this case, in the related appeal and in the bankruptcy case, is pellucidly clear on the two other grounds for dismissal advanced by appellees:  appellants did not include in their statement of issues on appeal filed in Civil No. 11-1301(GAG) a challenge to the Bankruptcy Court's order on attorney's fees, as clearly evidenced by that document (see docket entry 1-20, p. 2, in Civil No. 11-1301(GAG)) and later found by the Court of Appeals in its Judgment on said case (see docket entry 35 in Civil No. 11-1301(GAG)), and that in turn allowed the Bankruptcy Court to keep issuing rulings on said matter unless a stay was requested under Rule of Bankruptcy Procedure 8005, which the appellants never sought.  Thus, the Bankruptcy Court was not divested of jurisdiction on the attorney's fees issue by the Appeal previously filed in this Court on February 1, 2011.

CIVIL 11-1597CCC 3

Hence, and for the reasons stated, this Appeal is hereby DISMISSED. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on July 27, 2012.

S/CARMEN CONSUELO CEREZO
United States District Judge